Attorney for Plaintiff #0023163

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL STOLZ | : | Case. No. |
| 433 Bedinger Street | | |
| Elsmere, Kentucky 41018 | : | COMPLAINT AND JURY DEMAND |
|     Plaintiff, | : | |
| vs. | : | |
| J & B STEEL ERECTORS, INC. | : | |
| 9430 Sutton Place | | |
| Hamilton, Ohio 45011 | : | |
| and | : | |
| MESSER CONSTRUCTION CO. | : | |
| 5158 Fishwick Drive | | |
| Cincinnati, Ohio 45216 | : | |
| and | : | |
| TERRACON CONSULTANTS, INC. | | |
| 611 Lunken Park Drive | | |
| Cincinnati, Ohio 45226 | : | |
| and | : | |
| THE PENDLETON | : | |
| CONSTRUCTION GROUP, LLC | | |
| 4924 Winton Road | | |
| Cincinnati, Ohio  45241 | : | |
| | : | |
| Also Serve: | | |
| | : | |
| c/o Whitney M. Eckert | | |
| Statutory Agent | : | |
| 2335 Florence Avenue | | |
| Cincinnati, Ohio 45206 | : | |
| and | : | |

| | |
|---|---|
| D.A.G. CONTRUCTION CO., INC. | : |
| 4924 Winton Road | |
| Cincinnati, Ohio  45232 | : |
| | |
| and | : |
| | |
| TRIVERSITY CONTRUCTION CO., LLC | : |
| 5050 Section Avenue, Suite 330 | : |
| Cincinnati, Ohio 45212 | |
| | : |
| Also Serve: | |
| | : |
| CT Corporation System, Inc. | |
| 1300 E. 9th Street | : |
| Cleveland, Ohio 44114 | |
| | : |
| and | |
| | : |
| DOE I | |
| (Name and Address Currently | : |
| Unknown) | |
| | : |
| and | |
| ABC CORPORATION | : |
| (Name and Address Currently | |
| Unknown) | : |
| | |
| Defendants. | : |

## PARTIES

1. At all times relevant herein, Plaintiff, Daniel Stolz, was employed by Jostin Construction Inc. to work as a concrete finish supervisor at the Cincinnati Horseshoe Casino ("Casino Project") located at 401 East Court Street, Cincinnati, Ohio, Hamilton County.

2. Plaintiff, Daniel Stolz, is a citizen of the Commonwealth of Kentucky.

3. Defendant, J & B Steel Erectors, Inc., ("J & B") is an Ohio corporation duly incorporated under the laws of the state of Ohio with its principal place of business at 9430

Sutton Place, Hamilton, Ohio  45011.  At all times relevant, upon information and belief, Defendant, J & B, was responsible for the placement and reinforcement of the steel structure supporting the metal decking on the Casino Project on or about January 27, 2012.

4. Defendant, Messer Construction Co., ("Messer") is an Ohio corporation duly incorporated under the laws of the state of Ohio with its principal place of business at 5158 Fishwick Drive, Cincinnati, Ohio  45216.  At all times relevant, upon information and belief, Defendant, Messer, was the general contractor in charge on the Casino Project on or about January 27, 2012.

5. Defendant, Terracon Consultants, Inc., ("Terracon") is a Delaware corporation duly registered to transact business in the state of Ohio with its principal place of business at 611 Lunken Park Drive, Cincinnati, Ohio  45226.  At all times relevant, upon information and belief, Defendant, Terracon, was responsible for providing engineering and safety consulting services on the Casino Project on or about January 27, 2012.

6. Defendant, The Pendleton Construction Group, LLC, ("Pendleton") is an Ohio Limited Liability Company duly organized under the laws of the state of Ohio with its principal place of business at 4924 Winton Road, Cincinnati, Ohio  45241.  At all times relevant, upon information and belief, Defendant, Pendleton, was a subcontractor working on the Casino Project.  Defendant, Pendleton, entered into a Teaming Agreement with Defendant, Messer, and both agreed they were the mutually exclusive team for the Casino Project management and safety.

7. Defendant, D.A.G. Construction Co., Inc., ("D.A.G.") is an Ohio corporation duly incorporated under the laws of the state of Ohio with its principal place of business at 4924 Winton Road, Cincinnati, Ohio  45232.  At all times relevant, upon information and

belief, Defendant, D.A.G., was a subcontractor working on the Casino Project and responsible for the management and supervision of the Casino Project concrete pours.

8. Defendant, Triversity Construction Co., LLC, ("Triversity"), is an Ohio Limited Liability Company duly organized under the laws of the state of Ohio with its principal place of business at 1 North Commerce Park Drive, Level G, Cincinnati, Ohio 45216. At all times relevant, upon information and belief, Defendant, Triversity, was a subcontractor working on the Casino Project and responsible for the management and supervision of the steel erection phase of the structure.

9. Defendant, Doe I, name and address currently unknown, is any person or entity also liable for the injuries and damages to the Plaintiff. Defendant Doe I's name and identity is unknown and cannot be ascertained until the Plaintiff has had a reasonable opportunity to engage in discovery.

10. Defendant, ABC Corporation, name and address currently unknown, is any other corporation or entity liable to Plaintiff as a result of negligence, respondeat superior, or agency, or by actively participating in acts or omissions, which directly caused his injuries. The true identity of ABC Corporation cannot be ascertained until the Plaintiff has had a reasonable opportunity to engage in discovery.

## JURISDICTION ALLEGATIONS

11. Jurisdiction is appropriate, pursuant to 28 U.S.C. § 1332(a)(2), as the matter in controversy exceeds the sum of $75,000, exclusive of interest, costs, and attorney fees, and is between citizens and entities of different states.

12. Venue is appropriate in the Court pursuant to 28 U.S.C. § 1391 (a)(2) as a substantial part of the events, circumstances, and omissions giving rise to the claims occurred in this district.

## FIRST CLAIM - NEGLIGENCE

13. On or about January 27, 2012, Daniel Stolz was working as a concrete finisher on the Casino Project, when metal decking gave way while a concrete floor was being poured, causing the floor to collapse out from under him, resulting in him falling 25 feet.

14. Defendants negligently failed to comply with all relevant safety standards in the workplace, including, but not limited to, failing to provide proper safety and health programs, failing to provide proper correction-coordination assurance programs, and failing to ensure the strength and structural integrity of the flooring being built due to inadequate bolts and welds.

15. As a direct and proximate result of the negligence of Defendants, the Plaintiff, Daniel Stolz, suffered severe injuries, some of which injuries are disabling and permanent in nature.

16. As a direct and proximate result of the negligence of Defendants, the Plaintiff, Daniel Stolz, has incurred medical expenses and will continue to incur medical expenses into the future.

17. As a direct and proximate result of the negligence of Defendants, the Plaintiff, Daniel Stolz, has incurred economic loss, including lost wages, and will continue to incur economic loss into the future.

18. As a direct and proximate result of the negligence of Defendants, the Plaintiff, Daniel Stolz, has endured great suffering of the body and mind and will continue to suffer great pain of the body and mind into the future.

19. As a direct and proximate result of the negligence of Defendants, the Plaintiff, Daniel Stolz, has suffered a loss of his ability to do his usual activities, and such

loss will continue into the future.

## SECOND CLAIM- EMPLOYER INTENTIONAL TORT – R.C. § 2745.01

20. Plaintiff hereby incorporates the first 19 paragraphs of the Complaint by reference as if fully rewritten herein.

21. Should it be determined that Defendant, Messer, is the employer of Plaintiff, Daniel Stolz, on the Casino Project, an employer intentional tort claim is pled in the alternative.

22. Defendant, Messer, deliberately failed to comply with OSHA/Code of Federal Regulations, including but not limited to, by failing to provide safety and health programs which addressed construction activity inspection, and correction-coordination assurance programs and procedures, to ensure structural stability and safe steel erection, as well as adequate support systems or devices to ensure metal decking walking and working surfaces strength and structural integrity was being maintained prior to concrete being loaded onto it.

23. Defendant, Messer, deliberately failed to comply with other recognized industry safety standard concerns on the Casino Project.

24. Defendant, Messer, deliberately failed to comply with its own internal safety policies on the Casino Project.

25. Messer deliberately failed to comply with the above noted safety requirements, regulations, standards, and policies with the belief that injury to employees was substantially certain to occur and/or with the intent to injure the employee.

26. As a result of Messer's deliberate failures to comply with safety requirements as set forth above, it deliberately put Plaintiff in a position where he was substantially certain to be injured.

27. As a direct and proximate result of Messer's deliberate failures to comply with safety requirements as set forth above, Plaintiff was seriously injured when a collapse, described above, occurred at the Casino Project.

28. As a direct and proximate result of Messer's deliberate failures to comply with safety requirements as set forth above, Plaintiff has incurred medical expenses and will continue to incur medical expenses into the future.

29. As a direct and proximate result of Messer's deliberate failures to comply with safety requirements as set forth above, Plaintiff has incurred economic loss, including lost wages, and will continue to incur economic loss into the future.

30. As a direct and proximate result of Messer's deliberate failures to comply with safety requirements as set forth above, Plaintiff has endured great suffering of the body and mind and will continue to suffer great pain of the body and mind into the future.

31. As a direct and proximate result of the deliberate failures to comply with safety requirements as set forth above, Plaintiff has suffered a loss of his ability to do his usual activities, and such loss will continue into the future.

### THIRD CLAIM – PUNITIVE DAMAGES

32. Plaintiff hereby incorporates the first 31 paragraphs of the Complaint by reference as if fully rewritten herein.

33. The Defendants' conduct constitutes malice, as Defendants showed a conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm.

34. The aforementioned acts or omissions of Defendants warrant the assessment of punitive damages against Defendants.

WHEREFORE, the Plaintiff, Daniel Stolz, demands judgments against the Defendants, jointly and/or severally, in an amount in excess of $75,000, his costs herein, prejudgment interest if warranted, punitive damages, and any other such relief to which he may be reasonably entitled.

GOODSON & COMPANY, LTD.
Attorneys & Counsellors At Law

BY /s/ Brett Goodson
Brett Goodson (0023163)
Attorney for Plaintiff
110 East Eighth Street, Suite 200
Cincinnati, Ohio 45202-2132
(513) 621-5631
(513) 621-3855 (fax)
brettgoodson@goodsonandcompany.com

SANTEN & HUGHES

/s/ Stephanie M. Day
Stephanie M. Day (0073006)
Attorney for Plaintiff
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
(513) 721-4450
(513) 852-5994 (fax)
smd@santen-hughes.com

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues herein

/s/Brett Goodson