UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL STOLZ, | : | Case No. 1:14-cv-44 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| J&B STEEL ERECTORS, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING MESSER CONSTRUCTION COMPANY'S
MOTION FOR JUDGMENT ON THE PLEADINGS ON
THE EMPLOYER INTENTIONAL TORT AND PUNITIVE DAMAGES CLAIMS
(Doc. 13)**

This civil action is before the Court on Defendant Messer Construction Company's Motion for Judgment on the Pleadings on Plaintiff's Employer Intentional Tort and Punitive Damages Claims (Doc. 13) and the parties' responsive memoranda (Docs. 31 and 32).

## I. FACTS AS ALLEGED IN THE COMPLAINT

Plaintiff admits that "[a]t all relevant times herein, [he] was employed by Jostin Construction Inc. ..." ("Jostin") (Doc. 1 at ¶ 1). Plaintiff claims he was injured as the result of a fall that occurred during the course and scope of his employment for Jostin at the construction project for the Horseshoe Casino in Cincinnati, Ohio (the "Casino Project"). (*Id.* at ¶¶ 1, 13-19). Defendant Messer Construction Company ("Messer") was the general contractor for the Casino Project and Jostin was one of its subcontractors. (*Id.* at ¶¶ 1-4).

Plaintiff does not allege that Messer ever directed or controlled him, or that he ever received salary or pay from Messer for his work. (*See generally* Doc. 1). Plaintiff alleges that Messer "deliberately failed to comply" with a variety of safety regulations, policies, and standards, but does not allege any facts specifically establishing that Messer deliberately intended to injure him. (*Id.* at ¶¶ 20-34).

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings uses the same standard of review as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." *Vandenheede v. Vecchio*, No. 13-1253, 2013 WL 5433467, at *2 (6th Cir. Oct. 1, 2013). To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While this standard "does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion for judgment on the pleadings, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion [for judgment on the pleadings], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" and the claim shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

## III.  ANALYSIS

### A.  Employer Intentional Tort Claim

Plaintiff brings an employer intentional tort claim solely against Messer pursuant to § 2745.01 of the Ohio Revised Code ("O.R.C."). (Doc. 1 at ¶¶ 20-31). However, by its very terms, that statute imposes liability only on a plaintiff's employer, and Plaintiff admits that Jostin, not Messer, was his employer at the time of his accident. (*Id.* at ¶ 1). Furthermore, because the statute does not provide a definition for the term "employer," that term must be accorded its usual, normal, or customary meaning. *State ex rel. Bowman v. Columbiana Cty. Bd. of Commrs*., 77 Ohio St.3d 398, 401, 674 N.E.2d 694 (1997); *State ex rel. Johnson v. Ohio Adult Parole Auth*., 95 Ohio St.3d 463, 768 N.E.2d 1176 (2002). As defined in Black's Law Dictionary, the term "employer" means: "[a]

3

person who controls and directs a worker under an express or implied contract of hire *and* who pays the worker's salary or wages." EMPLOYER, *Black's Law Dictionary* (9th ed. 2009) (emphasis added).

Plaintiff does not allege that Messer directed or controlled Plaintiff, nor that Plaintiff worked for Messer under an express or implied contract, nor that Messer paid Plaintiff's salary or wages. (*See generally* Doc. 1). Consequently, Plaintiff has failed to allege facts sufficient to establish that Messer was his employer under O.R.C. § 2745.01.

However, even if Plaintiff had sufficiently alleged that Messer was Plaintiff's employer, he has also not satisfied the heightened pleading requirements acknowledged by the Supreme Court of Ohio as necessary to meet to bring such a claim. *Bullis v. Sun Healthcare Group*, 2nd Dist. Miami No. 2011-CA-21, 2012-Ohio-2112, at ¶¶ 11-16 (citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991)).[1] O.R.C. § 2745.01 sets forth the elements of an employer intentional tort claim as follows:

> (A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

---

[1] *See also Richey v. Johnson & Hardin Co.*, 1st Dist. Hamilton No. C-970767, 1998 WL 395899, at *3 (July 17, 1998), *aff'd*, 85 Ohio St.3d 362, 1999-Ohio-272, 708 N.E.2d 707 (observing that "[e]mployer intentional tort claims are subject to a heightened pleading requirement, imposed by the Ohio Supreme Court in response to many specious claims brought by employees"); *Downey v. Reich Installation Servs., Inc.*, 3:09CV263, 2009 WL 2922262, at *2 (N.D. Ohio Sept. 8, 2009) (applying Ohio's heightened pleading requirements for an employer intentional tort claim brought in federal court).

(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

The Supreme Court of Ohio affirmed the constitutional validity of this statute in *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, and *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092. While the statute does not eliminate the common-law cause of action for an employer intentional tort, it does constrain such an action. *Kaminski* at ¶ 98. As the Court explained, "the General Assembly's intent in enacting [O.]R.C. 2745.01, as expressed particularly in 2745.01(B), is to permit recovery for employer intentional torts only when an employer acts with specific intent to cause an injury, subject to subsections (C) and (D)." *Id*. at ¶ 56.

The Supreme Court of Ohio has recently reaffirmed both the constitutionality and the purpose of O.R.C. § 2745.01, noting that "the common-law liability of the employer cannot, under the almost unanimous rule, be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of a conscious and deliberate intent directed to the purpose of inflicting an injury." *Houdek v.*

*ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, at ¶ 23 (quoting *Kaminski* at ¶¶ 99-100). "[O.]R.C. 2745.01 embodies the General Assembly's intent to significantly curtail an employee's access to common-law damages for what we will call a 'substantially certain' employer intentional tort." *Houdek* at ¶ 23 (quoting *Stetter* at ¶ 27).

Accordingly, pursuant to O.R.C. § 2745.01, Plaintiff was required to allege specific facts establishing that Messer either acted with deliberate intent to cause him an injury or deliberately removed an equipment safety guard in order to adequately plead a claim for employer intentional tort and survive a motion for judgment on the pleadings. *Bullis*, 2nd Dist. Miami No. 2011-CA-21, 2012-Ohio-2112, at ¶¶ 13-16. "Naked assertions devoid of further factual enhancement" are not sufficient. *Iqbal*, 556 U.S. at 678.

Although Plaintiff alleges that Messer "deliberately failed to comply" with a variety of safety regulations, policies, and standards, and makes "a formulaic recitation of the elements of" an employer intentional tort claim by stating that Messer did so "with the belief that injury was substantially certain to occur and/or with intent to injure the employee," such facts do not, as a matter of law, support the conclusion that Messer deliberately intended to injure Plaintiff. (Doc. 1 at ¶¶ 20-34); *Houdek* at ¶ 23; *Kaminski* at ¶¶ 99-100. "[A]lleged deficiencies in training, safety procedures, safety equipment, instructions, or warnings, have been found to show recklessness, but are insufficient to create a genuine issue of material fact as to deliberate intent." *Meadows v. Air Craft*

*Wheels, L.L.C.*, 8th Dist. Cuyahoga No. 96782, 2012-Ohio-269, at ¶ 18 (citing *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, 967 N.E.2d 1263, at ¶ 26 (citing *Fickle v. Conversion Technologies Intern., Inc.*, 6th Dist. Williams No. WM-10-016, 2011-Ohio-2960, at ¶ 48) (finding failure to provide adequate training and safety devices was not sufficient to establish deliberate intent to injure); *Jefferson v. Benjamin Steel Co., Inc.*, 5th Dist. Richland No. 09 CA 62, 2010-Ohio-50, at ¶ 112 (an employer's failure to follow proper safety procedures does not constitute intentional tort); *Davis v. AK Steel*, 12th Dist. Butler No. CA2005-07-183, 2006-Ohio-596, at ¶ 12 (failure to provide adequate safety devices and training does not constitute substantial certainty even under the less stringent common-law standards)).

"Also, the failure to provide protective equipment and the failure to adequately train and supervise do not rise to the level of a deliberate intent to cause injury." *Meadows* at ¶ 18 (citing *McCarthy v. Sterling Chems., Inc.*, 193 Ohio App.3d 164, 2011-Ohio-887, 951 N.E.2d 441, at ¶ 14; *Fickle* at ¶ 48). Moreover, OSHA violations cannot be considered as evidence of intent under the current, more restricted, version of O.R.C. § 2745.01 and the recent Supreme Court of Ohio's decisions interpreting that statute. *Schiemann v. Foti Contracting, L.L.C.*, 8th Dist. Cuyahoga No. 98662, 2013-Ohio-269, at ¶ 24 ("any OSHA violations do not factor into the determination of whether [the employer] acted with deliberate intent to harm [the employee]"); *see also Hubble v. Haviland Plastic Products, Co.*, 3rd Dist. Paulding No. 11-10-07, 2010-Ohio-6379, at ¶¶ 7-9.

Finally, Plaintiff's contention that Messer's failure to abide by OSHA and other safety regulations resulted in the intentional creation of dangerous and hazardous workplace conditions that were "substantially certain" to result in injury is likewise insufficient to meet the current applicable standard of deliberate intent, as "even when an employer is aware of a dangerous condition and fails to take action to correct the situation, such conduct does not meet the statutory requirements without evidence of an actual intent to cause injury." *Meadows* at ¶ 18 (citing *Hubble* at ¶ 9).

Plaintiff has thus also not met the heightened burden necessary to bring an employer intentional tort claim by failing to allege any facts sufficient to plausibly demonstrate that Messer specifically intended to injure him. Accordingly, Messer is entitled to judgment on the pleadings and a dismissal of this claim.

**B.    Punitive Damages Claim**

Plaintiff also seeks to recover against Messer for punitive damages. (Doc. 1 at ¶¶ 32-34). A punitive damages claim is a derivative action that must be dismissed where the primary claim is subject to dismissal. *Vickers v. Wren Industries, Inc.*, 2nd Dist. Montgomery No. CIV.A. 20914, 2005-Ohio-3656, at ¶¶ 63-65. It "is well-settled that punitive damages may be awarded only in those cases in which compensatory damages have been proved and properly assessed against the party from whom recovery is sought." *Davison Fuel & Dock Co. v. Pickands Mather & Co.*, 54 Ohio App.2d 177, 181, 376 N.E.2d 965 (1st Dist. 1977) (citing *Richard v. Hunter*, 151 Ohio St. 185, 190, 85 N.E.2d 109 (1949)); *see also Graham v. American Cyanamid Co.*, 350 F.3d 496, 514-

15 (6th Cir. 2003). Plaintiff does not dispute that he is seeking punitive damages from Messer on the basis of his employer intentional tort claim, or that such a claim is derivative in nature and must be dismissed where the primary claim is subject to dismissal. (Doc. 31 at 6-7).

As a result, because Messer is entitled to dismissal of Plaintiff's employer intentional tort claim, Messer is also entitled to dismissal of his punitive damages claim as against it.

## IV. CONCLUSION

Accordingly, based on the foregoing, Defendant Messer Construction Company's Motion for Judgment on the Pleadings on Plaintiff's Employer Intentional Tort and Punitive Damages Claims (Doc. 13) is **GRANTED**, and Plaintiff's employer intentional tort claim and punitive damages claim as to Defendant Messer Construction Company are hereby **DISMISSED**.

**IT IS SO ORDERED**.

Date: 5/21/14 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge