UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL STOLZ, | : | Case No. 1:14-cv-44 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| J & B STEEL ERECTORS, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANT TERRACON CONSULTANTS, INC.'S
MOTION TO DISMISS (Doc. 52)**

This civil action is before the Court on Defendant Terracon Consultants, Inc.'s

Motion to Dismiss Plaintiff's Amended Complaint (Doc. 52) and the parties' responsive

memoranda (Docs. 59, 60).[1]

**I.     FACTS AS ALLEGED IN THE AMENDED COMPLAINT**

For purposes of this motion to dismiss, the Court must: (1) view the complaint in

the light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as

true.  *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Jostin Construction, Inc. ("Jostin") employed Plaintiff to work as a concrete finish

supervisor at the Cincinnati Horseshoe Casino project ("Casino Project").  (Doc. 49 ¶ 1).

---

[1] Plaintiff seeks oral argument on this motion.  (Doc. 59).  S.D. Ohio Civ. R. 7.1(b)(2) provides for oral
argument where it "is deemed to be essential to the fair resolution of the case because of its public
importance or the complexity of the factual or legal issues presented[.]"  Here, the Court finds that the
factual and legal issues are clear on their face, so oral argument is not necessary.  *See Whitescarver v.
Sabin Robbins Paper Co.,* Case No. C–1–03–911, 2006 WL 2128929, at *2, (S.D. Ohio July 27, 2006)
(C.J. Dlott) ("Local Rule 7.1(b)(2) leaves the Court with discretion whether to grant a request for oral
argument.").

On January 27, 2012, metal decking gave way while a concrete floor was being poured at the Casino Project, causing the floor to collapse out from under Plaintiff.  (*Id.* at ¶ 14).  As a result, Plaintiff fell 25 feet and suffered severe injuries.  (*Id.* at ¶¶ 14, 16).

Plaintiff brings claims against a number of Defendants, all of whom had responsibilities related to the Casino Project.  (*See* Doc. 49 at ¶¶ 3-8).  Defendant Terracon Consultants, Inc. ("Terracon") provided engineering and safety consulting services for the Casino Project.  (*See id.* at ¶ 5).

> Defendants negligently failed to comply with all relevant safety standards in the workplace, including, but not limited to, failing to provide proper safety and health programs, failing to provide proper correction-coordination assurance programs, and failing to ensure the strength and structural integrity of the flooring being built due to inadequate bolts and welds.

(Doc. 49 at ¶ 15).  Defendants either supervised or actively participated in Plaintiff's work.  (*Id.* at ¶ 11).  Specifically, Defendant Terracon, at all times relevant and upon information and belief, "acted in a supervisory capacity or actively participated in Plaintiff's work through its responsibility to provide engineering and safety consulting services for the Casino Project."  (Doc. 49 at ¶ 15).

Plaintiff asserts a negligence claim against Defendants.  (Doc. 49 at ¶¶ 14-20).  Plaintiff also asserts a claim for punitive damages, allegedly because Defendants acted with malice, having shown a conscious disregard for the rights and safety of others that had a great probability of causing substantial harm.  (Doc. 49 at ¶¶ 33-35).

2

## II.    STANDARD OF REVIEW

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

3

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed.  *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

## III.    ANALYSIS

Defendant Terracon seeks the dismissal of the claims asserted against it, with prejudice.  (*See* Doc. 52 at 7).  Defendant Terracon argues that Plaintiff has failed to allege any facts plausibly suggesting that Defendant Terracon owed a duty to Plaintiff under Ohio law, and, consequently, the negligence claim and the derivative punitive damages claim asserted against it must be dismissed.  Plaintiff argues that he has pled facts sufficient to support a claim for relief against Defendant Terracon, as required by Fed. R. Civ. P. 8(a).

### A.  Negligence Claim[2]

"The existence of a duty in a negligence action is a question of law for the court to determine."  *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). "[W]hen two or more independent contractors are engaged in work on the same premises, it is the duty of each contractor, in prosecuting its work, to use ordinary and reasonable care not to cause injuries to the employees of another contractor."  *Kucharski v. Nat'l.*

---

[2] After Plaintiff filed his original complaint (Doc. 1), Defendant Terracon filed a motion for judgment on the pleadings (Doc. 36).  Plaintiff filed a response in opposition and a motion for leave to amend his complaint.  (Docs. 42, 43).  The Court granted leave and denied Defendant Terracon's motion as moot. (*See* August 29, 2014 Notation Order).  Defendant Terracon incorporates the applicable legal principles set forth in that motion (Doc. 36) in its instant motion. (Doc. 52 at 5).

*Eng. Contracting Co.*, 69 Ohio St.3d 430, 434, 633 N.E.2d 515 (1994).[3]

However, "[a]n exception to the duty of ordinary care [has been] recognized for situations that involve[] inherently dangerous work." *Ellis v. Time Warner Cable, Inc.*, 1st Dist. Hamilton No. C–120083, 2013-Ohio-240, at ¶ 8; *cf. Wellman v. E. Ohio Gas Co.*, 160 Ohio St. 103, 113 N.E.2d 629 (1953), paragraph one of the syllabus ("Where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor.")

"There is no question that a construction site is inherently a dangerous setting." *Pfaff v. Pahl Ready Mix Concrete, Inc.*, 6th Dist. Lucas No. L–01–1306, 2002 WL 126073, *4 (Feb. 1, 2002) (citing *Bond v. Howard Corp.*, 72 Ohio St.3d 332, 336, 650 N.E.2d 416 (1995)); *see also Michaels v. Ford Motor Co.*, 72 Ohio St.3d 475, 478, 650 N.E.2d 1352 (1995), n. 4 ("[A] subcontractor who works at a construction site is engaged in inherently dangerous work.").

Because a construction site is inherently dangerous, an independent contractor owes a duty of care to a second independent contractor's employee only where the independent contractor "actively participates" in the employee's work.  *See Pinkerton v.*

---

[3] Specifically, the Supreme Court of Ohio held: "An independent contractor who lacks a contractual relationship with a second independent contractor owes no affirmative duty beyond that of ordinary care to the employees of the second contractor, where the first contractor does not supervise or actively participate in the second contractor's work."  *Kucharski*, 69 Ohio St.3d 430, paragraph one of the syllabus (citing *Cafferkey v. Turner Constr. Co.*, 21 Ohio St.3d 110, 488 N.E.2d 189 (1986)).

*J & H Reinforcing*, 4th Dist. Scioto Nos. 10CA3386 and 10CA3388, 2012-Ohio-1606, ¶¶ 25-26; *Ellis*, 2013-Ohio-240, at ¶ 11.  The Supreme Court of Ohio has not adopted a definition of "active participation" in this context.  *See Pinkerton*, 2012-Ohio-1606, ¶¶ 30-33.[4]

At this preliminary stage, Plaintiff adequately states negligence claim against Defendant Terracon.  Plaintiff alleges that his employer, Jostin, and Defendant Terracon were hired to work as independent contractors at the Casino Project.  (*See* Doc. 49 at ¶¶ 1, 5).  By asserting that Defendant Terracon "acted in a supervisory capacity or actively participated in Plaintiff's work through its responsibility to provide engineering and safety consulting services for the Casino Project," Plaintiff alleges a fact that supports the conclusion that Defendant Terracon owed him a duty of care, despite the inherently dangerous setting.  *See Pinkerton*, 2012-Ohio-1606, ¶¶ 25-26; *Ellis*, 2013-Ohio-240, at ¶ 8.  It matters not that Plaintiff pleads this fact upon information and

---

[4] Defendant Terracon contends that active participation "requires a showing that the defendant subcontractor: (1) directed or controlled the plaintiff's work; or (2) retained or exercised *exclusive control* over a critical variable in the workplace." (Doc. 52 at 5) (citing *Kucharski*, 69 Ohio St.3d at 434) (emphasis in original).  Defendant Terracon argues that it cannot be held liable for negligence because Plaintiff has failed to plead that it either directed or exercised exclusive control over the negligently performed activities.  Plaintiff has not put forward an alternative definition of active participation.  (*See* Doc. 59 at 4).  The Court reviewed *Kucharski* and did not find any description of active participation. *Accord Pinkerton*, 2012-Ohio-1606, ¶ 30 ("But in *Kucharski*, the court did not describe what it means for one independent subcontractor to actively participate in the work of another independent subcontractor.").  For this reason, the Court declines to dismiss on the grounds that Plaintiff did not specifically allege that Defendant Terracon either directed or exercised control over Plaintiff's work.

belief.[5]  Accordingly, Plaintiff's amended complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678.

Defendant Terracon argues that Plaintiff's allegation that Defendant Terracon actively participated in his work is a bare legal conclusion.  Whether Defendant Terracon actively participated is a factual inquiry and, at this preliminary stage, the Court must accept as true the facts pled by Plaintiff at this preliminary stage: namely, that Defendant Terracon was responsible for engineering and safety services and, in that capacity, supervised and actively participated in Plaintiff's work.

Plaintiff claims that it is impossible to know, absent further discovery, precisely what role Defendant Terracon played.[6]  A bare request for time to conduct discovery is insufficient to withstand a motion to dismiss.  *See New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).  Here, however, the amended complaint provides sufficient notice to Defendant Terracon of the nature of Plaintiff's

---

[5] "'The *Twombly* plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged on information and belief where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible.'" *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir.2010)); *see also Kline v. Mortgage Elec. Registration Sys., Inc.*, 3:08-CV-408, 2011 WL 1233642, at *6 (S.D. Ohio Mar. 29, 2011) ("[E]ven in the post-*Iqbal* world, courts have recognized that facts may be alleged on the basis of information and belief, particularly when those facts are within the possession of the defendant.").

[6] Defendant Terracon claims that extensive public records concerning the casino site and the roles of the contractors therein are available.  It also notes that that it was never cited for violations of OSHA regulations, whereas other contractors on the casino project were.  However, all Plaintiff must plead is a short and plain statement showing that he is entitled to relief and, in this instance, Plaintiff has done so. Fed. R. Civ. P. 8.  The Court declines to take judicial notice of the news coverage of the OSHA violations but anticipates that Defendant Terracon may present relevant evidence from OSHA investigations in a dispositive motion.

negligence claim. *Twombly*, 550 U.S. at 555 (plaintiff's statement must "give the defendant fair notice of what . . . the claim is and the ground upon which it rests.). The federal rules still provide for notice pleading. Plaintiff has set forth a plausible claim, and, therefore, satisfies the standard.

### B. Punitive Damages Claim

Plaintiff also seeks to recover against Defendant Terracon for punitive damages. (Doc. 49 at ¶¶ 33-35). A punitive damages claim is a derivative claim that must be dismissed where the primary claim is subject to dismissal. *Vickers v. Wren Industries, Inc.*, 2d Dist. Montgomery No. 20914, 2005-Ohio-3656, at ¶¶ 63-65; *see also Davison Fuel & Dock Co. v. Pickands Mather & Co.*, 54 Ohio App. 2d 177, 181, 376 N.E.2d 965 (1st Dist. 1977) (citing *Richard v. Hunter*, 151 Ohio St. 185, 190, 85 N.E.2d 109 (1949)); *Graham v. American Cyanamid Co.*, 350 F.3d 496, 514-15 (6th Cir. 2003). Because the Court declines to dismiss Plaintiff's negligence claim, Plaintiff's claim for punitive damages cannot be dismissed solely on the basis of its derivative nature.

Defendant Terracon claims that Plaintiff pleads no facts to establish that Defendant Terracon acted with malice. Specifically, Defendant Terracon argues that Plaintiff's allegation that Defendants showed a conscious disregard for the rights and safety of others is a legal conclusion, which is not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 664. Defendant Terracon also argues that the fact that the statement appears at the end of Plaintiff's amended complaint further indicates that it is a legal conclusion. (Doc. 39 at ¶34)

However, in setting forth his claim for punitive damages, Plaintiff incorporates the facts previously pled.  Because Plaintiff alleged that Defendant Terracon was responsible for engineering and safety services (Doc. 49 ¶ 5), the Court can infer that Defendant Terracon knew of the dangers of failing to provide proper safety programs and failing to ensure the strength and structural integrity of the flooring being built due to inadequate bolts and welds.  (*Id.* ¶ 15).  Accordingly, the Court finds that Plaintiff adequately states a claim for punitive damages.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons, Defendant Terracon Consultants, Inc.'s motion to dismiss (Doc. 52) is **DENIED**.

**IT IS SO ORDERED**.

Date:  11/18/14                                                          *s/ Timothy S. Black*
                                                                                 Timothy S. Black
                                                                                 United States District Judge