UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL STOLTZ,                                    Case No. 1:14-cv-44

    Plaintiff,                                   Judge Timothy S. Black

vs.

J & B STEEL ERECTORS, INC., *et al.*,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION
TO FILE SECOND AMENDED COMPLAINT (Doc. 81) AND
TAKING DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 80)
UNDER ADVISEMENT**

This civil case is before the Court regarding Plaintiff Daniel Stoltz's motion to file second amended complaint (Doc. 81) as well as Defendants J & B Steel Erectors, Inc., D.A.G. Construction Co., Inc., and Triversity Construction Co., LLC (the "Subcontractor Defendants")'s motion to lift the stay on this case and for reconsideration of this Court's previous decision denying summary judgment (Doc. 80).  Responsive memoranda to these motions have been filed and considered by the Court.

## I.    BACKGROUND

Plaintiff was allegedly injured while working as a concrete finisher for Jostin Construction, Inc. ("Jostin") at the Horseshoe Casino construction project in Cincinnati. The casino project had a self-administered workers' compensation program authorized by the Ohio Bureau of Workers' Compensation and administered by Messer Construction Company ("Messer"), the chief contractor on the project.  The issues that led to the filing of the motions currently before the Court revolve around the Subcontractor Defendants,

1

who were not Plaintiff's employers on the casino project but allegedly had responsibilities related to the construction project.

The Subcontractor Defendants filed motions for summary judgment in July 2014. (Docs. 37, 40). They argued that, as enrolled subcontractors in the casino project's workers' compensation program, they were immune from liability for Plaintiff's negligence claim per Ohio Revised Code § 4123.35(O) (*See id.* (incorporating by reference arguments made by Messer in its own motion for summary judgment)).

Ohio Rev. Code §4123.35(O) sets forth how workers' compensation immunity applies when a contractor has been approved as a self-insuring contractor on a construction project and provides, in pertinent part:

> A self-insuring employer who complies with this division is entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the employees of the contractors and subcontractors covered under a certificate issued under this division for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees" employment on that construction project, as if the employees were employees of the self-insuring employer, provided that the self-insuring employer also complies with this section.
>
> ***
>
> The contractors and subcontractors included under a certificate issued under this division are entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the contractor's or subcontractor's employees who are employed on the construction project which is the subject of the certificate, for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees" employment on that construction project.

In turn, Ohio Rev. Code §4123.74 sets forth:

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury,

2

or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

This Court denied the Subcontractor Defendants' motions for summary judgment on December 31, 2014. (Doc. 68). In that Order, the Court held that, as a matter of law, the Subcontractor Defendants were not entitled to immunity under Section 4123.35(O), as that immunity only extended to the "constructive employer" contractor (in this case, Messer) and the subcontractor that actually employed the injured party (in this case, Jostin). (*See id.*).

Following the Court's denial of their motion for summary judgment, the Subcontractor Defendants moved for an Order to certify a question of law to the Supreme Court of Ohio. (Doc. 70). The Subcontractor Defendants argued that a clarification on the application of Section 4123.35(O) was necessary, given that an Ohio state court had come to a conclusion opposite to this Court's, granting immunity to non-employer subcontractors in a case involving other parties that had been injured in the same incident that caused Plaintiff's injuries. (Doc. 70). Finding this argument persuasive, this Court certified the following question to the Supreme Court of Ohio on April 13, 2015:

> Whether Ohio Rev. Code §§ 4123.35 and 4123.74 provide immunity to subcontractors enrolled in a Workers' Compensation self-insurance plan from tort claims made by employees of [other] enrolled subcontractors injured while working on the self-insured project.

(Doc. 74, at 4).

3

On May 27, 2016, the Supreme Court of Ohio answered this Court's certified question in the affirmative, holding that non-employer subcontractors in a self-insured project were immune to tort suits arising from injuries on said project. On the basis of this ruling, the Subcontractor Defendants moved to lift the stay on this case and for reconsideration of this Court's previous decision denying summary judgment. (Doc. 80).

Plaintiff then filed the instant motion for leave to file a second amended complaint. (Doc. 81). Plaintiff's proposed amended complaint adds a claim asking this Court to declare that Ohio Revised Code Section 4123.35(O), as interpreted by the Supreme Court of Ohio, violates both the Ohio Constitution and the United States Constitution. (Doc. 81-1, at 8). Defendants D.A.G. Construction Co., Inc., Triversity Construction Co., LLC, and Pendleton Construction Group, LLC filed a response opposing Plaintiff's motion for leave to amend (Doc. 87), as did Defendant J & B Steel Erectors, Inc. in a separate filing (Doc. 85).

## II.  STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). In deciding a plaintiff's motion for leave to amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments." *Id.* Importantly, "[d]elay by itself is not sufficient reason to deny a

motion to amend." *Id.* "Although the decision as to whether justice requires the amendment is committed to the district court's sound discretion, to deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent.'" *Reengineering Consultants, Ltd. v. EMC Corp.*, 2010 WL 1257599, at *2 (S.D. Ohio Mar. 29, 2010) (citing *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986); *Duggins v. Steak W Shake*, 195 F.3d 828, 834 (6th Cir. 1999)).

### III.   ANALYSIS

#### A.   Plaintiff's motion for leave to amend his complaint is meritorious.

Plaintiff asserts that the filing of this motion to amend is not untimely because he "reasonably interpreted [Ohio Revised Code 4123.35(O)] to only grant immunity to the general contractor of the self-insured project from the claims of enrolled subcontractor's general employees." This argument does not excuse Plaintiff's delay.  Plaintiff was on notice that an Ohio state court had previously interpreted the statute to find non-employer subcontractors on a self-insured project immune from suit, and cannot reasonably say that a statutory interpretation in line with that ruling was completely unexpected.  (*See* Doc. 40-3 (entry granting summary judgment in *Lancaster v. Pendleton Construction Group, LLC, et al.*, Case No. A1208721 (Hamilton Cty. Ct. Common Pleas Mar. 25, 2013))). Plaintiff could have, and should have, argued in the alternative from the beginning of this legislation that Ohio Revised Code § 4123.35(O) was unconstitutional as applied to non-employer subcontractors.

However, this fact alone is insufficient to deny Plaintiff's motion to amend the complaint given the permissive nature of Rule 15 and the many other factors that weigh

5

in favor of allowing an amendment.  There has been no evidence that would support a finding of bad faith on Plaintiff's behalf.  The new claim arguing the constitutionality of the statute as applied is also closely related to the claims previously argued in this case, such that the Subcontractor Defendants (who themselves pursued a certified question regarding statutory interpretation following an unfavorable ruling) cannot be said to have lacked notice that this challenge was possible.  A claim that a statute does not apply to a particular circumstance is very similar to a claim that the same statue is unconstitutional because it applies to that circumstance.  This is not an instance where one side introduces new facts at the 11th hour, forcing the opposition to radically alter their defense; there are no new facts in this case.

The Subcontractor Defendants' response argues that Plaintiff should not be allowed to amend his complaint because the amendment would be futile.  However, the Court at this stage cannot say that the new claim raised in Plaintiff's proposed amended complaint is futile.  The new claim alleges that Ohio Revised Code Section 4123.35(O) violates both the Ohio and United States Constitutions in a variety of ways.  (Doc. 81-1, at 6–7).  Yes, Defendants argue that "it is unlikely that [Plaintiff] will prevail."  (Doc. 87, at 2).  "The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).  The constitutional claim in Plaintiff's amended complaint is sufficiently pled to survive a 12(b)(6) motion to dismiss, and the Court therefore cannot dismiss it as futile.

Finally, although the Subcontractor Defendants will suffer tangible prejudice as a result of having to prepare a response to Plaintiff's new constitutional claim, the Court finds that such prejudice is minimal.  Plaintiff's new claim raises a purely legal issue—whether Ohio Revised Code Section 4123.35(O) violates either the Ohio or Federal Constitution—and so should require no additional time or expense to be spent in fact discovery.  Other federal courts have similarly drawn a distinction between new legal and fact-based claims when evaluating prejudice to the nonmoving party in similar situations, including the Sixth Circuit Court of Appeals in *Coe v. Bell*, a case cited by Defendants in support of their opposition to the amended Complaint.  161 F.3d 320, 341–42 (6th Cir. 1998) (upholding district court's decision allowing legal claims in late amended complaint to proceed and denying all fact-based claims).  The additional work generated for Defendants by this new claim will be limited to preparation of a dispositive motion and related reply for this Court to evaluate the new legal claim.  Given the strong preference for evaluating cases on their merits, the Court cannot say that this is substantial prejudice that merits denying Plaintiff's motion for leave to amend.

Accordingly, the Court grants Plaintiff's motion for leave to file an amended complaint.

### B.    The Subcontractor Defendants' motion for reconsideration is taken under advisement.

Currently pending before the Court is the Subcontractor Defendants' motion to lift stay and for reconsideration of decision denying Defendants' motions for summary judgment.  (Doc. 80).  That motion argues that, in light of the Supreme Court of Ohio's

ruling that Ohio Revised Code § 4123.35(O) extends immunity from a tort lawsuit to non-employer subcontractors on a self-insured project, this Court's previous decision denying Defendants' motion for summary judgment should be reconsidered.  (*Id.* at 3–4).

Ruling on Defendant's motion for reconsideration would be premature while the new claim raised in Plaintiff's second amended complaint remains unresolved.  Should Plaintiff's constitutional challenge succeed, it would not be appropriate to grant summary judgment for the Subcontractor Defendants.  However, if Plaintiff's new claim fails, the Court would at that time consider it appropriate to revisit its earlier denial of summary judgment in light of the Supreme Court of Ohio's ruling on the certified question in this case.  The Court anticipates that Plaintiff's additional claim shall be resolved through the summary judgment process without delay.

Accordingly, the Subcontractor Defendants' motion for reconsideration is taken under advisement at this time.

### IV.  CONCLUSION

Accordingly, for the reasons outlined above:

1. Plaintiff's motion for leave to file second amended complaint (Doc. 81) is **GRANTED.**  The Clerk shall file the amended complaint (Doc. 81-1) separately of record.

2. The Subcontractor Defendants' motion for reconsideration of decision denying Defendants' motions for summary judgment (Doc. 80) is **TAKEN UNDER ADVISEMENT.**

**IT IS SO ORDERED.**

Date:   11/4/16                                                              *s/ Timothy S. Black*
                                                                                          Timothy S. Black
                                                                                          United States District Judge