UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL STOLZ, | : | Case No. 1:14-cv-44 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| J & B STEEL ERECTORS, INC., *et al.*, | : | |
| Defendants. | : | |

# CERTIFICATION ORDER

Pursuant to Supreme Court of Ohio Rules of Practice 9.01 through 9.04, the Court hereby issues this Certification Order, to be served upon all parties or their counsel of record and filed with the Clerk of the Supreme Court of Ohio, under seal of the United States District Court for the Southern District of Ohio.

**A.** **Case Name**

*Daniel Stolz v. J & B Steel Erectors, Inc., et al.,* United States District Court, Southern District of Ohio, Case No. 1:14-cv-44

**B.** **Statement of Facts**

**1.** **Nature of the Case**

Plaintiff alleges he was injured while working as a concrete finisher for Jostin Construction, Inc. ("Jostin") at the Horseshoe Casino construction project in Cincinnati ("Casino Project"). Plaintiff brings this civil action against Defendants J & B Steel Erectors, Inc. ("J & B Steel"), Messer Construction Co. ("Messer"), Terracon

Consultants, Inc. ("Terracon"), Pendleton Construction Group, LLC ("Pendleton"), D.A.G. Construction Co., Inc. ("D.A.G."), and Triversity Construction Co., LLC ("Triversity"), each of whom Plaintiff alleges had responsibilities related to the Casino Project, for negligence.[1]

## 2. Circumstances Giving Rise To the Question of Law

At the time of his alleged injuries, Plaintiff was working for Jostin as a concrete finisher at the Casino Project. (Doc. 49 at ¶ 1). Defendant Messer was the general contractor for the Casino Project, and Jostin was one of its subcontractors. (Doc. 49 at ¶¶ 1, 4; Doc. 14-2 at ¶¶ 1-4).

Prior to Plaintiff's accident, Defendant Messer had obtained authority from the Ohio Bureau of Workers' Compensation ("BWC") to self-administer the workers' compensation program for all of the enrolled subcontractors on the Casino Project. (Doc. 14-2 at ¶¶ 1-4; Doc. 14-3). Jostin and Defendants and J & B Steel, D.A.G., and Triversity were enrolled subcontractors participating in Defendant Messer's workers' compensation program for the Casino Project under the certificate of authority issued by the BWC to Defendant Messer. (Doc. 14-2 at ¶¶ 1-4; Doc. 14-3; Doc. 14-4).

Defendants Messer, J & B Steel, D.A.G., and Triversity moved for summary judgment on the grounds that they are entitled to immunity from Plaintiff's negligence claim pursuant to Ohio's workers' compensation laws, including Ohio Revised Code

---

[1] Plaintiff also seeks punitive damages. Plaintiff asserted an employer intentional tort claim against Defendant Messer (only), which was dismissed. (*See* Doc. 33).

2

§§ 4123.35 and 4123.74. (Docs. 14, 37, and 40).[2] The Court found that Defendant Messer was entitled to immunity as the self-insuring employer on the Casino Project. (Doc. 68 at 6). The Court found that Defendants J & B Steel, D.A.G., and Triversity ("Subcontractor Defendants") were not entitled to immunity because an enrolled subcontractor is only entitled to immunity vis-à-vis its own employees under the above-cited statutes. (*Id.* at 13-14). Accordingly, the Court granted Defendant Messer's motion for summary judgment and denied the Subcontractor Defendants' motions for summary judgment. (*Id.* at 19).

The Subcontractor Defendants then moved for certification of the following question to the Ohio Supreme Court:

> Whether Ohio Rev. Code §§ 4123.35 and 4123.74 provide immunity to subcontractors enrolled in a Workers' Compensation self-insurance plan from

---

[2] Section 4123.35(O) provides, in relevant part:

> A self-insuring employer who complies with this division is entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the employees of the contractors and subcontractors covered under a certificate issued under this division for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees' employment on that construction project, as if the employees were employees of the self-insuring employer, provided that the self-insuring employer also complies with this section. . . . The contractors and subcontractors included under a certificate issued under this division are entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the contractor's or subcontractor's employees who are employed on the construction project which is the subject of the certificate, for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees' employment on that construction project.

Section 4123.74 provides:

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

3

> tort claims made by employees of [other] enrolled subcontractors injured while working on the self-insured project.

This Court granted the request for certification, recognizing a split on the issue between its own ruling in the case and a lower Ohio state court's ruling on a similar issue. The Ohio Supreme Court returned its answer to the certified question on April 19, 2016, answering in the affirmative. (Doc. 79).

Following the Ohio Supreme Court's judgment, Plaintiff amended his complaint to add one additional claim—that Ohio Revised Code § 4123.35(O), as interpreted by the Ohio Supreme Court's answer to the previously certified question, was unconstitutional. (Doc. 90). The second amended complaint cited portions of the U.S. Constitution as well as several unique portions of the Ohio Constitution that Plaintiff alleged were violated by the statute.

### 3. Question of Law To Be Answered

The question of law to be answered by the Supreme Court of Ohio is as follows:

> Whether Ohio Rev. Code § 4123.35(O) is unconstitutional as applied to the tort claims of an enrolled subcontractor's employee who is injured while working on a self-insured construction project and whose injury is compensable under Ohio workers' compensation laws.

As set forth in its Order granting the Subcontractor Defendants' motion to certify a question of state law to the Supreme Court of Ohio (Doc. 105), the Court finds that this is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.

4

### C. Names of the Parties

Plaintiff
Daniel Stolz

Defendants
J & B Steel Erectors, Inc.
Messer Construction Co.[3]
Terracon Consultants, Inc.
Pendleton Construction Group, LLC
D.A.G. Construction Co., Inc.
Triversity Construction Co., LLC

### D. Counsel for Each Party

Plaintiff's Counsel

Brett Colbert Goodson
Goodson & Company Ltd
110 E 8th Street
Suite 200
Cincinnati, OH 45202-2132
513-621-5631
Email: brettgoodson@goodsonandcompany.com
Attorney Registration Number: 0023163

Stephanie M Day
Santen & Hughes
600 Vine Street
Suite 2700
Cincinnati, OH 45202
513-721-4450
Fax: 513-721-0109
Email: smd@santen-hughes.com

---

[3] Defendant Messer Construction Co. was terminated from the case on December 31, 2014, when the Court granted its motion for summary judgment. However, Messer filed an amicus brief in support of certifying the question of Ohio Revised Code § 4123.35(O)'s constitutionality to the Ohio Supreme Court. (Doc. 99). Plaintiff's negligence claim remains pending against all other Defendants. Defendants Terracon Consultants, Inc. and Pendleton Construction Group, LLC have not asserted an immunity defense.

Attorney Registration Number: 0073006

Defendants' Counsel

*For Defendant J & B Steel Erectors, Inc.*:

Colleen Marie Blandford
Kohnen & Patton
PNC Center
201 East Fifth Street
Suite 800
Cincinnati, OH 45202
513-381-0656
Email: cblandford@kplaw.com
Attorney Registration Number: 0061877

Kimberly A Pramaggiore
Kohnen & Patton
PNC Center
201 East Fifth Street
Suite 800
Cincinnati, OH 45202
513-381-0656
Email: kpramaggiore@kplaw.com
Attorney Registration Number: 0066618

*For Defendant Messer Construction Co.*:

Jane Michele Lynch
Green & Green - 3
800 Performance Place
109 North Main Street
Dayton, OH 45402
937-224-3333
Fax: 937-224-4311
Email: jmlynch@green-law.com
Attorney Registration Number: 0012180

Jared A Wagner
800 Performance Place
109 North Main Street
Dayton, OH 45402

937-224-3333
Fax: 937-224-4311
Email: jawagner@green-law.com
Attorney Registration Number: 0076674

*For Defendant Terracon Consultants, Inc.*:

Robert W Hojnoski
Reminger Co LPA
525 Vine Street
Suite 1700
Cincinnati, OH 45202
513-721-1311
Fax: 513-721-2553
Email: rhojnoski@reminger.com
Attorney Registration Number: 0070062

Nathan Andrew Lennon
Reminger Co, LPA
525 Vine Street
Suite 1700
Cincinnati, OH 45202
513-544-4012
Fax: 513-721-2553
Email: nlennon@reminger.com
Attorney Registration Number: 0091743

*For Defendants Pendleton Construction Group, LLC, D.A.G. Construction Co., Inc., and Triversity Construction Co., LLC*:

Stephen James Patsfall
Patsfall Yeager & Pflum LLC - 1
One W Fourth Street
Suite 1800
Cincinnati, OH 45202
513-721-4500
Email: spatsfall@pyplaw.com
Attorney Registration Number: 0012271

Stephen Michael Yeager
Patsfall Yeager & Pflum LLC - 1
205 W Fourth Street
Suite 1280

Cincinnati, OH 45202
513-721-4500
Email: syeager@pyplaw.com
Attorney Registration Number: 0011841

Susan Salyer
Patsfall Yeager & Pflum LLC
205 W Fourth Street
Suite 1280
Cincinnati, OH 45202
513-721-4500
Email: ssalyer@pyplaw.com
Attorney Registration Number: 0076623

### E.  Designation of the Moving Party

Defendants J & B Steel Erectors, Inc., D.A.G. Construction Co., Inc., and Triversity Construction Co., LLC are the moving parties.

**IT IS SO ORDERED**.

Date:  8/22/17                                             *s/Timothy S. Black*
                                                           Timothy S. Black
                                                           United States District Judge